## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **RICKEY E. BRINGUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:05CV370** |
| | ) | |
| **vs.** | ) | **PRISONER PAYMENT ORDER** |
| | ) | **and** |
| **JO ANNE B. BARNHART,** | ) | **ORDER ON INITIAL REVIEW** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The plaintiff, Rickey E. Bringus, a prisoner, has filed a civil complaint and a motion to proceed in forma pauperis ("IFP") (Filing No. 2). The court has received a certified copy of the plaintiff's trust account information (Filing No. 6). The plaintiff is permitted to proceed IFP.

### PRISONER PAYMENT ORDER

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner plaintiff is required to pay the full amount of the court's $250.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP.[1]  28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

First, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. The court finds that the initial partial filing fee is **$2.01**. Payment of the initial partial filing fee must be received by the court by **October 31, 2005**, in the absence of which this matter may be subject to dismissal. The plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the

---

[1] THE "THREE STRIKES" RULE: If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal can count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g). The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of Court shall send a copy of this Order to the appropriate financial official at the plaintiff's institution. The plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. **See** *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp.2d 951 (D. Neb. 2001).

### ORDER ON INITIAL REVIEW

This is an appeal from a final decision by the Commissioner of Social Security denying the application by the plaintiff, Rickey E. Bringus, for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, as amended. The plaintiff alleges that he is unable to engage in any type of substantial and gainful work activity because of injuries to his left arm and hand and back problems.

Because the plaintiff is a prisoner proceeding IFP, the court is required to conduct initial review of the complaint. **See** 28 U.S.C. § 1915A (screening prisoner cases) and 28 U.S.C. § 1915(e) (screening IFP cases). Having reviewed the complaint, the court finds that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant, after the plaintiff completes the appropriate forms.

**IT IS ORDERED:**

1.     Filing No. 2, the plaintiff's motion to proceed IFP, is granted.

2.     The plaintiff shall pay an initial partial filing fee of **$2.01** by **October 31, 2005**. unless an enlargement of time is granted in response to a written motion.

3.     After payment of the initial partial filing fee, the plaintiff's institution shall collect and remit the additional installments in accordance with 28 U.S.C. § 1915(b)(2).

4.      The Clerk of Court shall send a copy of this order to the appropriate official at the plaintiff's institution.

5.      The Clerk of Court shall send a copy of this Order together with three summons forms and three Form 285s to the plaintiff, for service of process on the United States.

6.      The plaintiff shall, as soon as possible but not later than **90 days** from the date of this Order, complete the forms (see attached Notice for persons to be served) and return the completed summons and  285 forms to the Clerk of Court; in the absence of the completed forms, service of process cannot occur.

7.      Upon receipt of the completed summons and 285 forms, the Clerk shall sign the summons forms and forward them, together with copies of the complaint, to the U.S. Marshal for service on the United States.

8.      The Marshal shall serve the United States, without payment of costs or fees; service shall be effected pursuant to Fed. R. Civ. P. 4(i) regarding "[s]erving the United States, Its Agencies, Corporations, Officers, or Employees," and may be by certified mail in the discretion of the Marshal.

9.      The defendant shall answer or otherwise respond to the complaint **and shall file the administrative record** within the 60-day period prescribed by Fed. R. Civ. P. 12(a)(3).

10.      After an appearance has been filed by the defendant, the plaintiff shall serve on the defendant's attorney a copy of every future pleading, letter or other document submitted to the court, and the plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant's attorney.

11.      The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.      The plaintiff shall keep the court informed of his current address at all times while this case is pending; failure to do so may result in dismissal.

DATED this 19th day of September, 2005.

                                        BY THE COURT:

                                         s/Thomas D. Thalken
                                        United States Magistrate Judge

3

**Notice regarding Federal Rule of Civil Procedure 4(i)**

Federal Rule of Civil Procedure 4(i) regarding "[s]erving the United States, Its Agencies, Corporations, Officers, or Employees," states:

(1) Service upon the United States shall be effected

(A) by delivering a copy of the summons and of the complaint to the **United States attorney for the district in which the action is brought** or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney

Michael Heavican, Esq.
**U.S. Attorney for the District of Nebraska**
1620 Dodge Street, Suite 1400
Omaha, NE 68103

and

(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the **Attorney General of the United States** at Washington, District of Columbia,

**U.S. Attorney General**
Main Justice Building
10th & Constitution Ave., N.W.
Washington, D.C. 20530

and

(C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to **the officer or agency**.

Jo Anne B. Barnhart
**Commissioner of Social Security**
6401 Security Blvd.
Baltimore, MD 21235.