**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **RICKEY E. BRINGUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:05CV370** |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This is an appeal from a final decision by the Commissioner of Social Security denying the application by the plaintiff, Rickey E. Bringus, for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act, as amended.[1]  The plaintiff alleges that he is unable to engage in any type of substantial and gainful work activity because of injuries to his left arm, left hand and back.  In Filing No. 20, the defendant has moved to dismiss the action as untimely.

42 U.S.C. § 405(g) provides for judicial review of a final administrative decision by the Commissioner of Social Security if the claimant files an action before the expiration of a sixty-day deadline.  Section 405(g) states:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

However, the sixty-day filing deadline may be extended by equitable tolling if the equities in favor of tolling are compelling.  ***Bowen v. City of New York***, 476 U.S. 467, 480 (1986).  On July 29, 2005, the plaintiff filed his complaint against the Commissioner in this action to appeal a decision which had become final on August 22, 2001.  The defendant points out that not only did the plaintiff file his complaint approximately four years late, but

---

[1] The parties have consented to the jurisdiction of the undersigned Magistrate Judge for all purposes up to and including the entry of judgment.

he unsuccessfully attempted to appeal the same administrative decision in two earlier cases in this court, i.e., Case No. 8:03CV109 before Judge Laurie Smith Camp, and Case No. 8:03CV446 before Judge Richard G. Kopf.

During the prior social security appeals and at the present time, the plaintiff has been a prisoner in a state or local corrections facility. The plaintiff relies on the legal malpractice of his retained attorney, William P. Jones, in both prior social security appeals, as the basis for equitable tolling of the sixty-day deadline for filing his social security appeal in this case.

In Case No. 8:03CV109, the plaintiff filed a complaint and an amended complaint on March 19, 2003 and April 19, 2003 respectively, but he failed to accomplish service of process on the defendant.  On August 1, 2003, Judge Smith Camp gave the plaintiff ten days to show cause why the case should not be dismissed for lack of prosecution, and when the plaintiff filed no response, Judge Smith Camp dismissed the complaint on August 19, 2003, without prejudice.  Judge Smith Camp later denied the plaintiff's motion for reconsideration of the judgment.  At all times, William P. Jones represented the plaintiff as his retained counsel.

Then the plaintiff, again through his retained attorney, William P. Jones, filed Case No. 8:03CV446 on October 29, 2003, considerably beyond the 60-day deadline of 42 U.S.C. § 405(g).  That case was assigned to Judge Kopf.  After service of process on the Commissioner of Social Security, the Commissioner filed a Motion to Dismiss on April 20, 2004.  The record reveals no response by the plaintiff to the Commissioner's motion,[2] and on May 18, 2004, Judge Kopf entered a Memorandum and Order and Judgment dismissing the case **with** prejudice.  In the May 18, 2004 order, Judge Kopf clearly outlined the 60-day deadline contained in 42 U.S.C. § 405(g).  In fact, failure to comply with the statutory deadline was the reason for dismissal of the complaint.  Further, the order noted the availability of  equitable tolling, but determined the plaintiff had not shown tolling was appropriate for the reasons then raised by the plaintiff.

---

[2] Judge Kopf noted in his Memorandum and Order of May 18, 2004: "Defendant, the Commissioner of the Social Security Administration, has filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6), as untimely.  (Filing 9.)  **Plaintiff has not responded to the motion**, which is now ripe for determination."  (emphasis added).

The materials submitted by the plaintiff to support his reliance on the doctrine of equitable tolling in the present case include communications from the Counsel for Discipline of the Nebraska Supreme Court regarding the disbarment of attorney William P. Jones. The court's decision disbarring Jones states in pertinent part, regarding the plaintiff's prior social security appeal before Judge Smith Camp:

> Respondent [Jones] also represented Bringus in a Social Security matter in the U.S. District Court for the District of Nebraska.  On August 1, 2003, the district court sent respondent notice that the case would be dismissed in 10 days for failure to prosecute unless respondent showed cause why the case should not be dismissed.  Respondent failed to reply to the court's order, so Bringus' Social Security case was dismissed.

**See** Filing No. 33 at 27.

On January 14, 2004, the plaintiff filed a grievance letter with the Counsel for Discipline of the Nebraska Supreme Court regarding Jones' dilatory performance in an action for state postconviction review.  In that case, Jones failed to file a timely brief before the Nebraska Court of Appeals, thereby forcing the plaintiff to file a pro se brief on his own behalf in February of 2004.  **See** Filing No. 33 at 26-27.

"[E]quitable tolling requires a showing of both extraordinary circumstances and due diligence."  ***Torres v. Barnhart***, 417 F.3d 276, 279 (2d Cir. 2005).  The doctrine "permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'"  ***Id.*** (**citing *Pace v. DiGuglielmo***,125 S. Ct. 1807, 1814 (2005)).

After having had to file a pro se brief in his state-court postconviction action because Jones failed to do so, and having had his social security appeal before Judge Smith Camp dismissed because Jones failed to respond, and having already filed a complaint with the Counsel for Discipline against Jones by January 2004, the plaintiff could not have entertained a *reasonable* belief that he could safely rely on Jones to assist him in a timely fashion in the social security appeal before Judge Kopf.  The plaintiff cannot be said to have exercised due diligence by his silence while awaiting action by Jones in Case No. 8:03CV446.

Jones' abandonment of the plaintiff's social security appeal before Judge Kopf was foreseeable and entirely consistent with Jones' prior representation of the plaintiff.  The plaintiff could, and should, have responded on his own behalf to the motion to dismiss pending before Judge Kopf in Case No. 8:03CV446.[3]  The record for that case indicates that the Commissioner filed the Motion to Dismiss Case No. 8:03CV446 over three months after the plaintiff had already complained to the Nebraska Counsel for Discipline about Jones' legal malpractice.  Even if, somehow, the plaintiff had a basis for belief that Jones would respond on his behalf to the Commissioner's Motion to Dismiss in Case No. 8:03CV446, the plaintiff failed to exercise any diligence on his own behalf after Jones failed to respond to the motion.  At a minimum, the plaintiff should have filed a Motion to Alter or Amend Judgment or Motion for New Trial based on counsel's abandonment of the plaintiff's representation in Case No. 8:03CV446.

In the absence of any diligent protection of the plaintiff's own interests, Judge Kopf properly dismissed the plaintiff's social security appeal with prejudice.  The law of the Eighth Circuit is not clear that legal malpractice by a retained attorney suffices as a basis for equitable tolling in a social security appeal.  The Eighth Circuit has taken a strict view of equitable tolling in social security cases, holding such doctrine applies only when the government has actually hindered a claimant's ability to pursue his rights.  **See *Bess v. Barnhart***, 337 F.3d 988, 990 (8th Cir. 2003) (*per curiam* ) ("[E]quitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way") (**citing** *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988) (*per curiam*)).  However, even if equitable tolling can apply in a social security appeal on the basis of a retained attorney's legal malpractice, the plaintiff failed to exercise due diligence on his own behalf, despite several opportunities to do so.  Furthermore, even if the period of time the plaintiff was represented by Mr. Jones tolled the limitations period, the plaintiff is now well beyond the 60-day period.  Here, the plaintiff waited well over one year to file this action after dismissal of his last complaint.  Therefore,

_____

[3]  The plaintiff has demonstrated the ability to litigate on his own behalf.  Not only did he file his own brief in his state postconviction action, but he has proceeded pro se in the above-entitled action and in a presently pending habeas corpus proceeding in this court, Case No. 4:05CV3022, entitled **Bringus v. Houston**.  Thus, the plaintiff's incarceration does not prevent him from protecting his own interests in court.

this case does not present the extraordinary circumstances and due diligence required to toll the limitations period even if equitable tolling can apply in a social security appeal.

Filing No. 20, the Motion to Dismiss filed by Jo Anne B. Barnhart, Commissioner of Social Security, is granted.  Pursuant to Fed. R. Civ. P. 58, a separate judgment will be entered accordingly.

**IT IS SO ORDERED.**

DATED this 7th day of April, 2006.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge